# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES W. TILLERY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-697-GKF-FHM |
| ) | |
| CITY OF CLAREMORE, municipality and ) | |
| political subdivision, MARK BAILEY, ) | |
| individually and in his official capacity, DEER ) | |
| RUN APARTMENTS, a limited partnership, ) | |
| and DEER RUN MANAGEMENT ) | |
| COMPANY, INC., jointly and severally, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is the Motion to Dismiss Claims for Excessive Force and Violation of Due Process [Dkt. # 12], filed by defendants Deer Run Apartments and Deer Run Management Company, Inc. (collectively referred to as "Deer Run"). The claims Deer Run seeks to have dismissed arise from an altercation on the premises of the Deer Run Apartments between plaintiff Charles W. Tillery ("Tillery") and defendant Mark Bailey ("Bailey"), a City of Claremore police officer employed as a courtesy/security officer by Deer Run.

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise the right to relief above the speculative level." *Id.* "The complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (internal quotation marks and citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim . . . ." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he] w[as] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 199 S.Ct. 977, 985 (1999).

## I. The Excessive Force Claim

Deer Run contends Tillery's excessive force claim (Count I) fails to sufficiently allege Deer Run acted under color of state law. Deer Run also contends Tillery fails to allege a policy or custom that was the direct cause or moving force behind the alleged constitutional violations. The court addresses each argument in turn.

Tillery alleges that Bailey, an off-duty police officer, "was engaged in a conspiracy with Deer Run such that Deer Run was tantamount to a state actor." [Complaint, Dkt. # 1-2, ¶ 3, *see* ¶ 13].

Because Deer Run is a private actor, Tillery can only state a cognizable § 1983 claim against Deer Run if he adequately alleges that Deer Run conspired with the government to violate his federal rights. *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *Id.* (internal quotation marks and citation omitted); *see Montgomery v. City of Ardmore*, 365 F.3d 926, 942 (10th Cir. 2004) ("conclusory allegations are insufficient to state a § 1983 claim" against a private actor where there are no "specific factual allegations suggesting that [the private actor] conspired with the City"). Tillery's allegations of conspiracy fail to meet this standard. Tillery fails to allege specific facts suggesting agreement and concerted action by and

between Deer Run and government actors. *Beedle*, 422 F.3d at 1073; *see also Otani v. City & Cnty. of Haw.*, 126 F.Supp.2d 1299, 1306 (D. Haw. 1998) (citing *Ibarra v. L.V. Metro. Police Dept.*, 572 F.Supp. 562, 565 (D. Nev. 1983); *Hoffman v. Halden*, 268 F.2d 280, 295 (9th Cir. 1959)). Count I does not sufficiently allege Deer Run acted under of color of state law by conspiring or acting in concert with government actors. Tillery's excessive force claim must be dismissed as to the Deer Run defendants.

Deer Run also contends Tillery fails to allege a policy or custom that was the direct cause or moving force behind the alleged constitutional violations. A policy or custom must be alleged in a § 1983 case wherein a plaintiff pursues a policy/custom theory of recovery against a private entity acting for the government in carrying out a government program or function, such as incarceration or a government pre-school program. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215-16 (10th Cir. 2003) (Head Start program); *Smedley v. Corr. Corp. of Am.*, 175 Fed. Appx. 943, 946 (10th Cir. 2005) (private company operating city jail); *Carey v. Lawton Corr. Facility*, 2008 WL 200053, at *3 (W.D. Okla. Jan. 24, 2008) (unpublished) (private prison under contract with state). This is not a case where a private actor (Deer Run, a private apartment complex) is alleged to have been acting for the government in carrying out a government program or function, so Deer Run cannot be liable under a policy/custom theory of recovery.

The Tenth Circuit has held that "a private entity that employs an off-duty police officer is not vicariously liable for its employee's deprivations of citizens' civil rights." *Lusby v. T.G.&Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984) (citations omitted), *vacated on other grounds*, 474 U.S. 805 (1985). Although a private entity could be liable if it "act[ed] in concert with the [] police according to a customary plan . . . involv[ing] a constitutionally forbidden rule or procedure," *id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)), Tillery does not allege facts

3

suggesting Bailey's use of excessive force against him "resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy . . . ." *Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987) (citing *Lusby*, 749 F.2d at 1430, 1433)).

## II. The Due Process Claim

In his due process claim (Count II), Tillery alleges that Bailey and Deer Run made false statements in the affidavit for his arrest warrant, and omitted information which, if included, would have vitiated probable cause. Tillery further alleges that Bailey and Deer Run made additional false statements in an affidavit submitted by Bailey a month and a half later to support the filing of enhanced charges. [Dkt. # 1-2, p. 5, ¶¶ 12, 22-23]. Deer Run argues that its actions do not constitute state action or conspiracy by which it may be held liable pursuant to § 1983, even if one assumes that the alleged false statements and omissions were made.

"The mere fact that a private party furnished information, even if false, is not sufficient to constitute joint activity with state officials to state an actionable claim under § 1983." *Lane v. Johnson*, 385 F. Supp. 2d 1146, 1151 (D. Kan. 2005) (citation omitted); *see Espinoza v. Walgreen Co.*, 2009 WL 2843345, at *3 (D. Utah Aug. 25, 2009) (unpublished) ("without more, lying or giving false information is not enough to constitute joint state action" (citing *Mark v. Furay*, 769 F.2d 1266, 1273 (7th Cir. 1985) ("providing false information to an arresting officer is not, by itself, sufficient to state a claim against the private party under § 1983" (internal quotation marks and citation omitted)); *Ercoli v. Paiva*, 2004 WL 539998, at *2 (N.D. Ill. Jan. 23, 2004) (unpublished) ("[e]ven if [the defendant] was lying, the mere fact that he talked to police cannot be fairly characterized as part of a 'conspiracy'" and defendant's "cooperation with the police is insufficient to support an inference that he reached an understanding with them to violate the plaintiff's constitutional rights")); *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The

4

mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §[] 1983 . . . ."(citing *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir. 1978)). A private party cannot be liable under § 1983 for providing false information to police unless "it can be shown that the private party was involved in a conspiracy with one or more state officials to deprive an individual of his constitutional rights." *Boykin v. Bloomsburg Univ. of Penn.*, 893 F. Supp. 409, 417 (M.D. Penn. 1995) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). In such a case, the plaintiff "must allege specific facts that the Defendants reached an understanding or agreement to violate the [plaintiff's] constitutional rights." *Id.* (citing *Ersek v. Twp. of Springfield, Del. Cnty.*, 822 F. Supp. 218, 223 (E.D. Pa. 1993)).

Count II itself contains no allegation that Deer Run conspired with state officials to deprive Tillery of his constitutional rights. The allegations of conspiracy contained elsewhere in the Complaint are wholly conclusory. Tillery fails to allege specific facts suggesting that Deer Run acted in conspiracy or reached an understanding or agreement with state officials to violate Tillery's constitutional rights by false statements or omissions. *Boykin*, 893 F. Supp. at 417; *see Montgomery*, 365 F.3d at 942 (requiring "specific factual allegations suggesting that [private party] conspired with the City"); *Beedle*, 422 F.3d at 1073 (to adequately allege conspiracy between private and state actors, "plaintiff must specifically plead facts tending to show agreement and concerted action"). Tillery's allegations are insufficient to state a § 1983 claim against Deer Run, a private actor, with respect to Count II.[1] As a result, Count II must be dismissed as to the Deer Run defendants.

---

[1] Tillery's citation to *Pierce v. Gilchrist*, 359 F.3d 1279, 1292-94 (10th Cir. 2004), for the proposition that "[c]oncealing and misrepresenting material facts is indeed violative of the Fourth Amendment," misses the mark. In *Pierce*, the court held a wrongly convicted plaintiff had stated a § 1983 claim for constitutional violations based on allegations that the defendant government official - a police department forensic chemist - had fabricated inculpatory evidence and disregarded exculpatory evidence, which led prosecutors to indict and prosecute the plaintiff for rape. The defendant in *Pierce* was a *government official* and thus unquestionably a state actor.

5

WHEREFORE, the Motion to Dismiss Claims for Excessive Force and Violation of Due Process of defendants Deer Run Apartments, a limited partnership, and Deer Run Management Company, Inc., [Dkt. # 12] is granted.

IT IS SO ORDERED this 24th day of August, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma